UNITED STATES BANKRUPCTY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>    MARK C. CASOLO,<br><br>                    Debtor | ) Case No. 10-12302-1<br>) Chapter 7<br>)<br>)<br>)<br>)<br>) |
| DEBORAH J. TAYLOR, INDIVIDUALLY, AND DEBORAH J. TAYLOR, AS TRUSTEE OF THE DEBORAH J. TAYLOR REVOCABLE INTER VIVOS TRUST U/A 3/31/06, MARILYN C. DESIMONY, DEBRA F. DESIMONY, ANNA M. FINLEY, DOROTHY A. JOLY, INDIVIDUALLY, AND DOROTHY A. JOLY, AS TRUSTEE OF THE DOROTHY A. JOLY LIVING TRUST UNDER AN AGREEMENT OF FEBRUARY 3, 1995, PATRICIA A. BACHAN, AND MARTA ZIONS,<br><br>                 Plaintiffs/Creditors,<br>  vs.<br><br>MARK C. CASOLO,<br>                Defendant/Debtor<br>    - and -<br><br>BRANDEN U. CASOLO, WILDERNESS CAPITAL GROUP, LTD., FREDERICK JACKSON, AS TRUSTEE OF THE 1531 STATE ROUTE 9 TRUST, ESCALATION CAPITAL GROUP LIMITED, WILDERNESS PARTNERS, LLC, AND ADK RE PARTNERS, LLC,<br><br>                 Defendants. | )<br>)<br>)Chapter 7<br>)Adversary No.: 10-<br>)<br>)ADVERSARY<br>)PROCEEDING<br>)COMPLAINT AND<br>)OBJECTION TO<br>)DISCHARGEABILITY OF<br>)DEBTS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**LAW OFFICES OF TIMOTHY J. O'CONNOR**
*Attorneys for Plaintiffs/Creditors:*
*Deborah J. Taylor, individually and as Trustee,*
*Marilyn C. DeSimony, individually and as Trustee,*
*Debra F. DeSimony, Anna M. Finley, Dorothy A.*
*Joly, individually and as Trustee, Patricia A.*
*Bachan, and Marta Zions*
29 Wards Lane
Albany, New York 12204
Phone: (518) 426-7700
E-mail: tjo@tjolaw.com

## AS AND FOR A SECOND CAUSE OF ACTION FOR FRAUDULENT TRANSFER PURSUANT TO §273 OF THE DEBTOR/CREDITOR LAW OF THE STATE OF NEW YORK AND NEW YORK COMMON LAW

212. Plaintiffs reallege each and every allegation set forth in this Complaint as if specifically alleged hereunder.

213. At all times relevant, each of the Plaintiffs was and is a creditor of the herein Defendants, jointly and severally, in the amount of the respective transfers and/or deposits of monies properly owned by them in said respective amounts enumerated in **TABLES ONE AND TWO** hereinabove.

214. With respect to each of the monetary transfers and deposits set forth in **TABLES ONE AND TWO** hereinabove, it is submitted that the same were at all times relevant fraudulent transfers made without fair consideration, also being fraudulent transfers made at a time when each of said respective transfers either:

   a) rendered the Defendant insolvent; and/or

   b) were otherwise made at a time when said Defendant was a creditor of the respective Plaintiffs in said respective amounts; and/or

   c) were otherwise made with the specific intent to avoid paying a prospective judgment all to each respective Plaintiffs' financial harm and detriment.

215. Said fraudulent transfers of monies associated with said fraudulent wire transfers and negotiable instruments referenced in **TABLES ONE AND TWO** hereinabove (and *Exhibit* N annexed hereto) were likewise made by the Defendants on the respective, indicated dates and times and relating to the respective accounts in their respective dollar amounts for no other legitimate purpose other than to defraud each of the respective Plaintiffs in the total amount of $170,000.00, all to their great financial harm and detriment.

216. The sole purpose of the maintenance of the respective M&T Bank accounts maintained by the Defendants was for the purpose of coordinating the fraudulent transfers of monies with the specific intent and purpose of embezzling, stealing, converting, and otherwise fraudulently diverting said respective monies from each of the Plaintiffs without any other legitimate purpose, thereby imposing civil liability on the part of the Defendants, given the civil remedies available to each of the respective Plaintiffs under §§273 of the Debtor and Creditor Law of the State of New York.

217. With respect to each of the fraudulent transfers, fraudulent conveyances, and fraudulent transactions enumerated in hereinabove in this Second Cause of Action, in the amount of $1,700,000.00, Plaintiffs pray and request that said transfers be set aside, as said transfers were fraudulent under §273 of the Debtor and Creditor Law of the State of New York, having been made at a time when the Defendant Branden U. Casolo, Defendant/Debtor Mark C. Casolo, and his *alter ego* entities were thereby: i) rendered insolvent; ii) seeking to transfer assets and monies to avoid prospective judgment; (iii) intending to subvert legitimate creditor efforts; and (iv) made without adequate consideration, with said respective transfers also having been made at said respective times when said Defendant Mark C. Casolo and his *alter ego* entities were creditors of the Plaintiffs, as specifically alleged hereinabove.

### AS AND FOR A THIRD CAUSE OF ACTION FOR IMPOSITION OF A CONSTRUCTIVE TRUST ON THE SUBJECT PROPERTIES

218. Plaintiffs reallege each and every allegation set forth in this Complaint as if specifically alleged hereunder.

219. At all times herein relevant, the Defendant Branden U. Casolo and Defendant/Debtor Mark C. Casolo, and his *alter ego* entities named herein, in their representative individual, representative and *alter ego* capacities, as well as the entity defendants,

entered into an implied and actual confidential relationship with each of the Plaintiffs by merit of his having taken custody and control of monies belonging to each of said Plaintiffs as particularized herein, thereby making the express and/or implied promises in his said respective capacities, sufficient to impose a constructive trust and equitable lien with priority on said transfer monies and assets, as well as any transfer interests in said purported corporate and/or limited liability entities.

220. Said fraudulent conveyances and transfers of properties, monies and interests of the respective Plaintiffs, as particularized in **TABLES ONE THROUGH TWELVE** hereinabove (and *Exhibit N* annexed hereto), and as further particularized in this Verified Complaint, including, but not limited to, the Second Cause of Action herein, were made by the Defendant Branden U. Casolo, the Defendant/Debtor Mark C. Casolo, and his *alter ego* entities, while acting in a fiduciary relationship, given their respective representative capacities, as members, directors and/or officers of the *alter ego* entities, as well as in said trust capacities as recognized under the Estates Power and Trusts Law of the State of New York, with said transfers having been made with the implicit and/or explicit promise that said respective assets, monies and interests being entrusted to said Defendant Mark C. Casolo and his *alter ego* entities, in said fiduciary capacities and pursuant to said confidential relationship created thereby, would be held, managed and cared for, all to the benefit, care, and interest of the respective Plaintiffs.

221. The Defendant Branden U. Casolo, the Defendant Mark C. Casolo, and his *alter ego* entities have been unjustly enriched by said transfer of property, interests, assets and monies of the respective Plaintiffs as enumerated herein, all to each of said respective Plaintiff's financial harm and detriment.

222. Said confidential trust relationship included the duty and obligation that said monies would be held for the purported, represented and/or purported proper specific purpose of any claimed and/or purported safe and prudent escrow accounts and escrow agent type relationships, with the assurance that said monies would not allowed to be diverted, stolen, converted, transferred, and/or otherwise improperly utilized or diverted.

223. Justice, fair play, good conscience, equity, and other equitable considerations militate against the unjust enrichment of the Defendant Branden U. Casolo, the Defendant/Debtor Mark C. Casolo, and his *alter ego* entities by merit of their retention of any interests and said monies or any assets or interests in or of the subject corporate, limited liability and/or trust companies.

224. The Defendant Branden U. Casolo, the Defendant/Debtor Mark C. Casolo, and his *alter ego* entities were likewise unjustly enriched by merit of their actual participation in the acquisition of said interests in and said assets of purported corporate, limited liability and trust companies as particularized herein, all to the exclusion of the Plaintiffs, with said exclusion practiced upon the Plaintiffs also including the breach of the respective fiduciary duties due and owing by the Defendant/Debtor Mark C. Casolo and his *alter ego* entities named herein, jointly and severally, including a fiduciary duty to refrain from self-dealing and improper conflicts of interests and divided royalties with said acts at wrongdoing justifying the disrespect of the corporate, limited liability and trust entity veils for purposes of the imposition of liability as against the Defendant/Debtor Mark C. Casolo.

225. Said assets and interests deriving from said converted, diverted and wrongfully transferred monies particularized in **TABLES ONE THROUGH TWELVE** above, by the Defendant Branden U. Casolo, the Defendant/Debtor Mark C. Casolo, and his *alter ego* entities,

including but not limited to transfers to and for the benefit of Mark Casolo and his *alter ego* entities, includes membership and/or ownership interests in those restaurant particular entities.

226. Plaintiffs herewith demand the imposition of a constructive trust in the amount of at least $1,700,000.00, in accordance with *Exhibit N*, as well as a secured priority lien and interest upon any interests of the Defendant Branden U. Casolo and the Defendant/Debtor Mark C. Casolo in said assets in equity and in the interests of justice to otherwise assure and protect the respective rights and interests of the Plaintiffs herein in any of said purported assets or ownership interests of the Defendant/Debtor and his *alter ego* entities, together with any other and further equitable relief which the court deems just and appropriate under the circumstances.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR CONVERSION

227. Plaintiffs reallege each and every allegation set forth in this Complaint as if specifically alleged hereunder.

228. With respect to the hereinabove-scheduled wrongful and fraudulent wire transfers of money and negotiable instrument transfers of interest in money and dollar amount nominated accounts, including but not limited to those set forth in **TABLES ONE THROUGH TWELVE** herein, the Second Cause of Action herein, the Defendant Branden U. Casolo, the Defendant/Debtor Mark C. Casolo, and his *alter ego* entities wrongfully came into the control of assets, accounts, credits, monies and interests of the respective Plaintiffs as enumerated hereinabove on said respective dates, with said Defendant exercising unauthorized, improper and unjust dominion and control over the same with the diversion of said interests to the wrongful personal interests of Defendant and his *alter ego* entities, and/or other as-yet-unascertained third-party individuals or entities.

229. As a result of said conversion, the respective Plaintiffs are entitled to recovery of said interests in an amount to be determined in equity and in accordance with said hereinabove-enumerated dollar amounts, and the amount of $1,700,000.00, and fraudulent transfers as against the Defendant Branden U. Casolo, the Defendant/Debtor Mark C. Casolo, and his *alter ego* entities, jointly and severally, together with interest and any other further relief which the court deems just and appropriate under the circumstances.

### AS AND FOR A FIFTH CAUSE OF ACTION
### PURSUANT TO FRBP 7001(6) AND 11 U.S.C. §523(a)(2)(A)

230. Plaintiffs reallege each and every allegation set forth in this Complaint as if specifically alleged hereunder.

231. The Debtor/Defendant Mark C. Casolo incurred the above-referenced debt at a time when he knowingly lacked the ability to repay the debt.

232. The Plaintiffs justifiably relied on the Debtor/Defendant Mark C. Casolo's promises to repay the debt incurred.

233. By virtue of the Debtor/Defendant Mark C. Casolo's actions, Plaintiffs have suffered damages in the amount of the total current amount due of $1,700,000.00, in accordance with *Exhibit N*.

234. Accordingly, said debt owed to Plaintiffs in the amount of at least $1,700,000.00 is non-dischargeable under 11 U.S.C. §523(a)(2)(A).

235. In addition to a judicial determination that said indebtedness due and owing to the Plaintiffs is non-dischargeable, the Plaintiffs also pray and request a judicial determination of a senior equitable lien interest and/or mortgage with priority, as well as a constructive trust in said respective amounts on said pieces, parcels, and bundles of real estate identified herein as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the

"Hickory Ridge Property," together with any and other further relief which the court deems just and appropriate under the circumstances.

## AS AND FOR A SIXTH CAUSE OF ACTION
## PURSUANT TO FRBP 7001(6) AND 11 U.S.C. §523(a)(6)

236. Plaintiffs reallege each and every allegation set forth in this Complaint as if specifically alleged hereunder.

237. Mark C. Casolo willfully and maliciously injured the Plaintiffs by making the above-referenced purchases of the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property" at a time when he had no present ability or intent to repay the debt.

238. At the time of each and every separate transfer of monies used to purchase, improve, pay off mortgage indebtedness on, and/or otherwise increase the value of said four separate pieces, parcels, and bundles of real property identified herein as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property," the Defendant/Debtor Mark C. Casolo knowingly and intentionally diverted said monies and interests of the Plaintiffs all to his personal benefit, including the benefit of his herein-particularized *alter ego* entities, as well as to the benefit of his wife, the Defendant Branden U. Casolo, also making no contemporaneous, legitimate, proper, or meaningful contingency for the repayment of said Plaintiffs.

239. Accordingly, the debt in the amount of $1,700,000.00 owed to Plaintiffs is non-dischargeable under 11 U.S.C. §523(a)(6) (see ***Exhibit N***).

240. In addition to a judicial determination that said indebtedness due and owing to the Plaintiffs is non-dischargeable, the Plaintiffs also pray and request a judicial determination of a senior equitable lien interest and/or mortgage with priority, as well as a constructive trust in

said respective amounts on said pieces, parcels, and bundles of real estate identified herein as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property" of real estate, together with any and other further relief which the court deems just and appropriate under the circumstances.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### PURSUANT TO FRBP 7001(6) AND §523(a)(4)

241. Plaintiffs reallege each and every allegation set forth in this Complaint as if specifically alleged hereunder.

242. At all times herein-relevant, the Defendant/Debtor Mark C. Casolo was acting in and engaging in the apparent provision of professional and fiduciary duties and services, given his multitudinous, several, and respective capacities as Chief Executive Officer, President, Director, Treasurer, Secretary, and Comptroller of his respective herein-identified *alter ego* entities, to wit, ADK RE Partners, LLC, Escalation Capital Group Limited, Wilderness Capital Group, Ltd., as well as providing purported professional fiduciary services, work product and advice, given his capacity as a duly-licensed Registered Representative and General Securities Principal with the Financial Industry Regulatory Authority during the time of the respective affiliation with FINRA member firms Westrock Advisers, Inc. and Reid & Associates, LLC and thereafter.

243. The Defendant/Debtor Mark C. Casolo, given his status as officer, director, principal, member, managing member and/or fiduciary of his *alter ego* entities, owed the respective Plaintiffs comprehensive fiduciary duties and obligations to refrain from self-dealing and self-interest, as well as an obligation to prudently, carefully, properly care, account for, prudently maintain and safely take custody of monies, interests, and assets of the respective Plaintiffs, which were transferred into the hand of the Defendant and his *alter ego* entities.

244. Said fiduciary duties were breached by merit of the diversion of said monies, assets and interest of each of the respective Plaintiffs to accounts of the Defendant and his *alter ego* entities, and also disregarded the rights, title and interests of each of said respective Plaintiffs said accounts and said respective dollar amounts as enumerated in **TABLES ONE THROUGH TWELVE** hereinabove on said respective dates, which Plaintiffs herewith incorporate the entirety of said Tables and Exhibits referenced therein by reference, *in haec verba*.

245. By merit and by way of certain claimed, purported, punitive, actual and/or effective contractual arrangements and agreements, the Defendant and his *alter ego* entities contractually agreed that the entirety of all monies coming in to their possession from accounts belonging to each of the respective Plaintiffs as enumerated hereinabove, would be safeguarded and were prudently managed and properly maintained in a due and proper contractual as well as fiduciary manner in order to assure the safe custody, maintenance and management of the same for each of said respective Plaintiffs interests and amounts as enumerated hereinabove.

246. Upon information and belief, several, the Defendant and his *alter ego* entities are in exclusive possession of pertinent and relevant documentation and information evidencing the manner in which the Defendant agreed to care for the controlling custody of such funds properly due and owing to the respective Plaintiffs as particularized hereinabove with said documentation and evidencing the same, including banking account agreements, purported customer account agreements, contractual escrow account agreements, actual and/or purported private placement banking escrow agreements, purported and/or actual private placement agreement to contract, as well as other written evidences of contractual and/or fiduciary relationships, as well as contractual and fiduciary relationships applied at law, which inure to the benefit of each of the respective Plaintiffs herein.

247. To date, the Defendant has persisted in refusing to provide the respective Plaintiffs, through counsel, information relating to the particulars of said contractual, fiduciary and other express and/or implied agreements, all to their great financial harm and detriment, notwithstanding prior demand for the same.

248. As a result of said breach of fiduciary duties and obligations due and owing to the respective Plaintiffs by the Defendant herein, each of the respective Plaintiffs have been financially harmed in an amount of at least said particular amount particularized hereinabove, as well as set forth in the previous cause of action and demands herewith, with said respective Plaintiffs demanding judgment thereon as against the Defendant, together with any other further relief which the court deems just and appropriate under the circumstances.

249. Accordingly, the debt in the mount of at least $1,700,000.00 owed to Plaintiffs is non-dischargeable under 11 U.S.C. §523(a)(4) (see *Exhibit N*).

250. In addition to a judicial determination that said indebtedness due and owing to the Plaintiffs by the Defendants is non-dischargeable, the Plaintiffs also pray and request a judicial determination of a senior equitable lien interest with priority, as well as a constructive trust in said respective amounts on said pieces, parcels, and bundles of real estate identified herein as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property," together with any and other further relief which the court deems just and appropriate under the circumstances.

**AS AND FOR AN EIGHTH CAUSE OF ACTION PURSUANT TO FRBP 7001(1) AND 11 U.S.C. §548, SEEKING THE RECOVERY OF MONIES AS A RESULT OF THE FRAUDULENT TRANSFERS AND TRANSACTIONS**

251. Plaintiffs reallege each and every allegation set forth in this Complaint as if specifically alleged hereunder.

252. Accordingly, the Plaintiffs seek a judicial determination of the Plaintiffs'' senior, priority, and secured equitable lien interest in said pieces and parcels of property in the respective dollar amounts particularized herein, as a result of the fraudulent transfers and transactions by the respective Defendants particularized herein, as well as seeking the judicial sale of said parcels of property, together with the payment and compensation of the Plaintiffs from the sale proceeds of said parcels of property (the "Davis Motel Property," the "Tavern Property," the "Hickory Ridge Property," and the "Adirondack Road Property") and other fraudulent transactions particularized in the total amount of at least $1,700,000.00 in said amounts as particularized herein to their respective order (see *Exhibit N*).

**AS AND FOR A NINTH CAUSE OF ACTION PURSUANT TO FRBP 7001(8), SEEKING THE SUBORDINATION OF ANY CLAIM OR INTEREST OF THE DEFENDANT/DEBTOR MARK C. CASOLO, THE DEFENDANT WILDERNESS CAPITAL GROUP, LTD., THE 1531 STATE ROUTE 9 TRUST, AND THE DEFENDANT BRANDEN U. CASOLO IN THE FOUR SEPARATE PIECES, PARCELS, AND BUNDLES OF REAL PROPERTY IDENTIFIED HEREIN AS THE "DAVIS MOTEL PROPERTY," THE "HICKORY RIDGE PROPERTY," THE "TAVERN PROPERTY," AND THE "ADIRONDACK ROAD PROPERTY"**

253. Plaintiffs reallege each and every allegation set forth in this Complaint as if specifically alleged hereunder.

254. The Defendant/Debtor Mark C. Casolo and his *alter ego* entities identified herein, including the Defendant Wilderness Capital Group, Ltd., Wilderness Partners, LLC, ADK RE Partners, LLC, Escalation Capital Group Limited, the 1531 State Route 9 Trust, and the Defendant Branden U. Casolo engaged in, participated in, had actual and constructive knowledge of, permitted, condoned, benefited from, and otherwise approved of, and/or otherwise enjoyed the fruits and benefit of the herein particularized wrongful, improper, illicit, and fraudulent transfers and transactions relative to the purchase of, improvement of, the payment of

mortgage indebtedness on, and the increase in value of the herein-identified four pieces, parcels, and bundles of real property identified as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property," and are thereby not entitled to participation in the right and entitlement of the Plaintiffs to be duly compensated for their losses and victimization pursuant to the doctrine of equitable subordination with the claims of all of said Defendants and *alter ego* entities being subordinated in their entirety to the claims of the Plaintiffs, as further particularized herein.

255. In addition to a judicial determination that said indebtedness due and owing to the Plaintiffs is non-dischargeable, the Plaintiffs also pray and request a judicial determination of a senior equitable lien interest with priority, as well as a constructive trust in said respective amounts on said pieces, parcels, and bundles of real estate identified herein as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property," together with any and other further relief which the court deems just and appropriate under the circumstances.

*WHEREFORE*, Plaintiffs respectfully request that the Court enter an order:

A. Declaring that the debt of $1,700,000.00 (further particularized in *Exhibit N*) set forth above is exempted from discharge pursuant to 11 U.S.C. §523(a)(2)(A);

B. Declaring that the debt of $1,700,000.00 (further particularized in *Exhibit N*) is exempted from discharge pursuant to 11 U.S.C. §523(a)(6);

C. Declaring that the debt of $1,700,000.00 (further particularized in *Exhibit N*) is exempted from discharge pursuant to 11 U.S.C. §523(a)(4);

D. Declaring that the Plaintiffs are entitled to recovery of monies and properties in the total amount of at least $$1,700,000.00 (further particularized in *Exhibit N*) pursuant to

FRBP 7000(1) and §548, as well as being entitle to the sale of the subject herein-identified pieces, parcels, and bundles of real property identified as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property," and payment to them from the proceeds of said sales (including but not limited to 11 U.S.C. §363[h] and FRBP 7001[3]).

E.  Declaring that the Defendant/Debtor Mark C. Casolo, the Defendant Wilderness Capital Group, Ltd., the 1531 State Route 9 Trust, and the Defendant Branden U. Casolo's claims to any right, title, and/or interest in those pieces, parcels, and bundles of land identified as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property" (further particularized in *Exhibit N*), are subordinated to the claims of the Plaintiffs pursuant to FRBP 7001(a).

F.  A judgment and order of this court cancelling of record and otherwise equitably subordinating that particular mortgage of record of The 1531 State Route 9 Trust with the Essex County Clerk's Office.

G.  A judgment and order of this court determining that the Defendant/Debtor Mark C. Casolo and the Defendant Branden U. Casolo are not entitled to respective homestead exemptions of $50,000.00 each on said piece and parcel of land identified herein as the "Hickory Ridge Property," based upon the fraudulent circumstances for acquisition of any claimed and/or purported equity in said piece and parcel of real estate situate in the Town of New Scotland, County of Albany, State of New York.

H.  A judicial determination that said indebtedness due and owing to the Plaintiffs is non-dischargeable.

I.  The Plaintiffs also pray and request a judicial determination of a senior equitable lien interest with priority, or first mortgage interest, where equitable, as well as a constructive trust in said respective amounts on said pieces, parcels, and bundles of real estate identified herein as the "Adirondack Road Property," the "Davis Motel Property," the "Tavern Property," and the "Hickory Ridge Property" (further particularized in *Exhibit N*), together with any and other further relief which the court deems just and appropriate under the circumstances.

J.  It is further submitted that the Defendant/Debtor Mark C. Casolo must be denied any effort to discharge any of the herein-particularized indebtedness (and further particularized in *Exhibit N*) due and owing to the Plaintiffs for failing to disclose his assets and interests in the "Adirondack Road Property" and the "Tavern Property," as well as failing to properly and fully disclose his interests in the "Davis Motel Property" pursuant to 11 U.S.C. §727(c)(d)(e).

K.  Interest on the Plaintiffs' herein-scheduled, fraudulently-diverted monies at the New York State CPLR statutory rate of 9% from the date of the wrongful and fraudulent diversion of said monies, plus costs, disbursements and attorneys' fees; and for such other and further relief as this Court may deem just and proper.

L.  Injunctive relief prohibiting the sale of any of the real property interests particularized herein (the "Davis Motel Property," the "Adirondack Road Property," the "Hickory Ridge Property," and the "Tavern Property").

Dated: December 31, 2010

LAW OFFICES OF TIMOTHY J. O'CONNOR

By: _____
TIMOTHY J. O'CONNOR
Bar Roll No. 102286
*Attorneys for Plaintiffs/Creditors:*
*Deborah J. Taylor, individually and as Trustee,*
*Marilyn C. DeSimony, individually and as Trustee,*
*Debra F. DeSimony, Anna M. Finley, Dorothy A.*
*Joly, individually and as Trustee, Patricia A.*
*Bachan, and Marta Zions*
29 Wards Lane
Albany, New York 12204
Phone: (518) 426-7700
E-mail: tjo@tjolaw.com

V:\Casolo - bankruptcy\Complaint (redacted) 3.doc